Bland, Chancellor.
It would seem, that the devisees of the residuum of the testator’s real estate take in the manner and upon the terms specified, as tenants in common. The direction, that the Chancellor shall appoint the persons to make the division among them, amounts to no more than saying what the law had already said, that a partition of the estate so devised might be-obtained by a bill in chancery. All concerned must be brought before the court, or have an opportunity of being heard; from which a majority of them would be precluded by the ex parte procedure proposed by this petition.
It may be inferred from this petition, that the parties concerned are anxious to have the estate of the deceased finally settled, and divided in the manner he has directed by his will. If so, a bill embracing the whole subject, and asking a partition, is the surest, cheapest, and most expeditious mode of proceeding that can be adopted. The defendants may answer at once, without waiting to be summoned; an account may be taken if called for; and a commission may issue, in the usual form, to divide the residue of *368 the real estate with as little delay as the nature of the case may require. This petition is entirely irregular and unsuited to what appears to be the object in view. Whereupon it is Ordered, that the petition be and the same is hereby dismissed with costs.
Afterwards, on the 2d of January, 1828, George Howard, Benjamin C. Howard, William Howard, James Howard, Charles Howard, and James Howard McHenry by his guardian and next friend Charles Howard, filed them bill against William George Read and Sophia his wife, and John Eager Howard, an infant, stating that the parties were the devisees of the real estate of the late John Eager Howard, as specified in his will. Whereupon the plaintiffs prayed that a partition thereof might be made among them.
The defendants Read and wife put in their joint answer, and the infant defendant answered by his guardian. They all admitted the facts as set forth in the bill, and united in praying for a partition. The plaintiffs recommended commissioners on their part, and the defendants having made a similar recommendation on their behalf, the solicitors of the parties were heard as to a proper selection from the persons put in nomination; and the case was submitted.
22d January, 1828. — Bland, Chancellor. — The said case standing ready for hearing, and being submitted, the bill, answer, and all other proceedings were, by the Chancellor, read and considered; and it appearing reasonable and proper, that partition should be made of the said real estate as prayed;—
It is thereupon Decreed, that there be a partition of the real estate whereof the late John Eager Howard died seized, among his said devisees, the parties to this suit, in the manner and upon the principles prescribed by his last will and testament; and for that purpose, all the real estate of which the said testator died seized, which may remain after the payment of his debts, shall be valued, together with and including all the real estate which he may have, at any time prior to the ninth day of October, in the year eighteen hundred and twenty-seven, conveyed to any of his said children, rating the same at its present value, and deducting therefrom the value of the improvements which have been made upon such property during its possession by said children; or while in the possession of any other person claiming under them; and upon such valuation, the whole shall be divided into eight parts. And to the end that this court may be enabled to make a just valuation *369 and partition thereof, in the manner above mentioned, it is ordered, that a commission issue to Joseph W. Patterson, George Hoffman, Solomon Etting, James Mosher, and Stewart Brown, of the city of Baltimore, authorizing them, or any three of them, to go upon, walk over, and survey the said real estate and property in the proceedings mentioned, and to value and divide the same in the manner above mentioned, according to the rights and interests of the respective parties; that is to say, the said commissioners, or any three of them, shall divide the same among the said George Howard, Benjamin C. Howard, William Howard, James Howard, Sophia Read the wife of William George Read, Charles Howard, James Howard McHenry, and John Eager Howard, who are the children, or grandchildren and devisees of the said testator; allotting to each one of them so much and such a proportion of the real estate of -which the said testator died seized, as, together with that which the said testator conveyed tp them, or any of them, the said devisees as aforesaid, will be equal in value to one-eighth part of the whole of the said real estate herein directed to be valued, having regard to quantity and quality, and deducting the value of improvements as above mentioned. But the said commissioners are not to include in the said valuation and division, any real estate of the said testator for which he may have given bonds of conveyance, or which he has sold, or contracted to sell, and for which his executors are authorized to execute all necessary deeds to complete such contracts as are mentioned in his said last will and testament. And that the said commissioners be directed, in the commission, to make out a plot and certificate of the said real estate; and of the divisions thereof, and an accurate description of the same and of the several parts thereof, and the value of each; and to the said commission there shall be annexed, as usual, an oath of office.
After which the commissioners made a return, that they had made partition of the real estate in pursuance of this decree, which, with the consent of the parties, was confirmed by a final decree in the usual form, awarding to each one of the eight devisees one share to be held in severalty.